UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AL STEWART Acting Secretary of Labor, United States Department of Labor[1], <br><br>Plaintiff, <br><br>v. <br><br>U & ME LOGISTICS, INC., <br><br>Defendant. | ) ) ) ) ) ) ) No. 1:18-cv-02609-JPH-DLP ) ) ) ) ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On August 24, 2018, the Secretary of Labor filed a complaint to enforce a United States Department of Labor order requiring U & Me Logistics to pay damages to its former employee, Ibrahim Tanner. Dkt. 1. On January 16, 2020, the clerk entered default against U & Me Logistics "for failure to plead or otherwise defend this action." Dkt. 26. The Secretary has filed a motion for default judgment. Dkt. [28]. For the reasons below, that motion is **GRANTED in part and DENIED in part**.

   **A.   Liability**

The complaint alleges that a Department of Labor Administrative Law Judge ("ALJ") found that U & Me Logistics violated the Surface Transportation Assistance Act ("STAA") "by terminating Ibrahim Tanner in retaliation for

---

[1] Acting Secretary of Labor Al Stewart has been substituted for Secretary of Labor Eugene Scalia. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

1

Tanner refusing to drive over his hours of service limit and falsify his driver logs."  Dkt. 1 at 2.

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, the Clerk of the Court has entered default against U & Me Logistics, dkt. 26, and the Secretary seeks default judgment, dkt. 28.  The Court thus takes the complaint's allegations of liability as true.  Because these allegations establish U & Me Logistics' liability, the Court now determines damages.  *See* Fed. R. Civ. P. 55(b).

### B.  Damages

#### 1.  Monetary Relief

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

The Secretary seeks an order requiring U & Me Logistics to pay Ibrahim Tanner $19,134 in back pay and prejudgment interest, $8,793.39 in fees and costs, and interest accrued since June 5, 2017 at the rate provided at 26 U.S.C. § 6621. Dkt. 28 at 2. Because this is an enforcement action for specific amounts as ordered by the ALJ plus interest at a statutory rate, *see* dkt. 1-1; dkt. 1-2, those monetary damages are "capable of ascertainment from definite figures," *e360 Insight*, 500 F.3d at 602.

### 2. Injunctive Relief

The Secretary also seeks to permanently enjoin U & Me Logistics from violating the employee protection provisions of the STAA and to require U & Me Logistics to "post in a prominent place for a period of 60 consecutive days a notice stating that it will not in any manner discriminate against any employee for engaging in activities protected by the STAA." Dkt. 28 at 2.

"[S]uccess by default" is not enough to justify a permanent injunction. *e360 Insight*, 500 F.3d at 604 (Establishing liability by default "does not answer whether any particular remedy is appropriate."). Instead, to be entitled to injunctive relief, the Secretary must demonstrate: "(1) . . . irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships . . . a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

The Secretary does not explain why either form of injunctive relief requested—permanent enjoinment from violating the STAA's employment-protection provisions and posting for 60 days a notice that it will not discriminate—is appropriate here, and he has not requested a hearing to address those questions.  *See id.*; dkt. 29 at 3–6.  He also relies on facts relevant only to Mr. Tanner's employment, *see* dkt. 29 at 3–6, so a broad injunction like the one the Secretary seeks would not be tailored "to the scope of the violation found," *e360 Insight*, 500 F.3d at 605 (explaining the "overbreadth" of a sweeping injunction based on the facts of one instance of liability).  The Secretary is therefore not entitled to injunctive relief.

C. **Conclusion**

For the reasons stated above, the Secretary's motion for default judgment is **GRANTED in part and DENIED in part**.  Dkt. [28].  The Secretary is entitled to enforce the award of wages, prejudgment interest, fees, and costs totaling $27,927.39, plus interest accruing since June 5, 2017 at the rate provided at 26 U.S.C. § 6621.  The request for injunctive relief is **DENIED**.

The Secretary **may serve** this order and the accompanying judgment on U & Me Logistics by affixing it to the door of Defendant's registered agent and by mailing this order via first-class mail to Defendant's registered agent.  *See* dkt. 21.

The Secretary **shall pay** the fees associated with filing this action **by February 23, 2021** and may file a bill of costs **by March 10, 2021**.

The **clerk shall update** Plaintiff to Al Stewart, Acting Secretary of Labor, United States Department of Labor. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 1/22/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Travis Weatherston Gosselin
US DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR
gosselin.travis@dol.gov